UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 08-CV-23202-KING/WHITE

SAMMY BROWN,

    Petitioner,

vs.

WALTER A. McNEIL,

    Respondent.

_____/

## FINAL ORDER OF DISMISSAL WITH PREJUDICE

THIS CAUSE comes before the Court pursuant to Magistrate Judge White's Report and Recommendation (DE #19) in response to Petitioner's Petition for Writ of Habeas Corpus (DE #1). No objections were filed and the time to do so has passed. This Court concludes that the Report and Recommendation contains thorough and well reasoned recommendations.

A Writ of habeas corpus may not be granted to a prisoner in state custody for any claim that was adjudicated on the merits in state court unless the decision was contrary to clearly established federal law or based on an unreasonable determination of the facts in light of the evidence. 28 U.S.C. § 2254(d)(1)&(2). A rule is contrary to federal law if the state court applies a rule that contradicts the governing law set forth by the Supreme Court or if the facts are so indistinguishable from a previous Supreme Court ruling and the state court arrived at a different result. *Brown v. Payton*, 544 U.S. 133, 141 (2005). However, a state court need not cite or even be aware of the

1

Supreme Court cases so long as they arrive at the same result. *Parker v. Sec'y, Dep't of Corr.*, 331 F.3d 764, 775-76 (11th Cir. 2003). Moreover, a determination of a factual issue made by a state court must be presumed to be correct unless the petitioner overcomes it by clear and convincing proof. 28 U.S.C. § 2254(e)(1).

Here, the petitioner, who was convicted of kidnaping with a firearm, sexual battery with a firearm, and robbery with a firearm, is seeking habeas relief based on ineffective assistance of counsel. In order to determine whether there was ineffective assistance of counsel, the criminal defendant must show: (1) counsel's performance was deficient; and (2) the deficiency prejudiced the defendant. *Strickland v. Washington*, 466 U.S. 668, 690 (1984). Deficient performance is defined as performance outside the wide range of professionally competent assistance. *Id.* However, counsel's performance is presumed sufficient. *Id.* Prejudice is established by showing there is a reasonable probability that, but for the counsel's deficient performance, the outcome of the proceedings would have been different. *Id.* at 694. Both prongs must be established and failure to establish one renders it unnecessary to consider the other. *Id.* at 697. Therefore, in order to obtain habeas relief, the defendant must show the state court "applied *Stickland* to the facts of his case in an objectively unreasonable manner." *Bell v. Cone*, 535 U.S. 685, 699 (2002).

The petitioner contends that ineffective assistance of counsel occurred in two ways. First, the petitioner argues that counsel should have investigated and presented mitigating evidence that his encounter with the victim was consensual. However, the state court found that his counsel's preparation was rigorous and extensive. (DE #17, Ex. H). Additionally, the petitioner fails to discuss what additional evidence would have been revealed if further investigation was done. Since there was sufficient contradictory evidence in the record, there is no reasonable probability that a further investigation would have changed the outcome of the trial.

Second, the petitioner asserts that counsel was also ineffective by failing to impeach the victim's credibility with Brown's testimony. However, the record shows that the petitioner was fully informed of his right to testify but voluntarily elected to have his case presented through his counsel's arguments rather than is own testimony. (T. 427-28). Furthermore, much of the evidence that the defendant claimed was necessary to establish a consensual relationship, such as the exchange of phone numbers, and giving the victim a ride home on his bike, were presented to the Jury. Nonetheless, the Jury found that the victim's testimony and the physical evidence of the victim's injuries revealed that no consensual relationship occurred.

Accordingly, after a *de novo* review, and the Court being otherwise fully advised, it is **ORDERED, ADJUDGED,** and **DECREED** that:

1. Judge White's Report and Recommendation (DE #19) be, and the same, is hereby **AFFIRMED AND ADOPTED** as an Order of this Court.

2. The Petitioner's Petition for writ of habeas corpus is **DENIED.**

3. This case is **DISMISSED** with prejudice.

4. The Clerk of the Court shall **CLOSE** this case.

**DONE AND ORDERED** in Chambers, at Miami, Miami-Dade County, Florida, this 2nd day of November, 2009.

_____
JAMES LAWRENCE KING
UNITED STATES DISTRICT JUDGE

**Cc:**

Magistrate Judge P.A. White

**Petitioner**
Sammy Brown
DC #065058
NW FRC Main-Unit
4455 Sam Michael Drive
5850 E Milton Road
Chipley, FL 32428

**Respondent**
Noticing 2254 State Attorney General
Email: FedCourtFilings@oag.state.fl.us

Michael C. Greenberg
14647 SW 18th Court
Davie, FL 33325
954-472-8511

Richard L. Polin
Attorney General Office
Department of Legal Affairs
444 Brickell Avenue
Suite 650
Miami, FL 33131